FILED
2022 Jun-29  AM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DIANA YAZMIN LUGO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **BIRMINGHAM-JEFFERSON** | ) | **CASE NO.:  2:22-cv-00362-JHE** |
| **COUNTY TRANSIT** | ) | |
| **AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS

COMES NOW the defendant, the Birmingham-Jefferson County Transit Authority (hereinafter "BJCTA"), by and through undersigned counsel of record, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to dismiss the Complaint of plaintiff, Diana Yazmin Lugo (hereinafter "Lugo"), for failure to state a claim upon which relief can be granted. In support thereof, the BJCTA states as follows:

## STANDARD OF REVIEW

For the purposes of adjudging a Rule 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in the light

most favorable to the plaintiff.  Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008); Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

However, "[t]he plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Twombly, 550 U.S. at 559." Under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain "more than an unadorned, 'the-defendant-unlawfully-harmed-me accusation.'" Iqbal at 678.   A complaint that merely "offers labels and conclusions" or "naked assertions devoid of further factual enhancement" is insufficient. Id.  Thus, it is not sufficient that the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561.  "Where a complaint pleads facts that

are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.  Iqbal, 556 U.S. at 678.

## ARGUMENT

**I.      LUGO'S COMPLAINT IS DUE TO BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

**A.      The Complaint fails to state a claim because it is an indecipherable "shotgun" pleading.**

Lugo's Complaint wholly fails to state a claim against the BJCTA upon which relief can be granted, as it presents an improper "shotgun pleading" full of speculative and conclusory allegations in violation of Twombly, *supra.*  Although the Complaint is typed, its contents are rambling, repetitive, and unintelligible, which prevents a conclusive determination of Lugo's allegations and legal theories.

"A shotgun pleading 'incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.'" Frantz v. Walled, 513 Fed. Appx. 815, 820 (11th Cir. 2013), *quoting* Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006). "This Court has repeatedly condemned shotgun pleadings … [t]his because, from a shotgun pleading, 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" Id., *citing* Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008), *quoting* Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

3

In the present case, it is impossible to know Lugo's factual allegations intended to support each claim. The Complaint alleges an opaque blend of novel claims and stream-of-conscious narration inferring that the BJCTA infringed upon Lugo's rights; but the respective factual allegations against the BJCTA, which allegedly give rise to said violation(s), are incoherently articulated. The Complaint merely refers to "Title VII" and proceeds to allege vague ramblings involving apparent workplace disagreements. The Complaint does not specify or articulate Twombly-sufficient facts whereby one can understand and respond to the claims asserted against the BJCTA. *See also* Pelletier v. Zweifel, 921 F.2d 1465, 1518 (11th Cir. 1991), *cert. denied*, 502 U.S. 855 (1991). To put it bluntly, Lugo's Complaint is woefully deficient.

Lugo's Complaint's flaws are myriad and fatal. A defendant is not required to guess as to a plaintiff's allegations or legal authority, and it is not the Court's responsibly to fill in the gaps of a plaintiff's deficient Complaint. Accordingly, Lugo's Complaint is due to be dismissed, with prejudice.

**B.** **The Complaint fails to state a cognizable Title VII discrimination claim.**

Even assuming *arguendo* that Lugo's Complaint was sufficiently legible so as to determine coherent claims and allegations, her Complaint still fails to assert any viable causes of action. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Similarly, an employer may not "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." Pouyeh v. Bascom Palmer Eye Inst., 613 Fed. Appx. 802, 810 (11th Cir. 2015), *citing and quoting* Id. at §§ 2000e-2(a)(1) and 2000e-2(a)(2).   "There are two types of actionable discrimination under Title VII: disparate treatment and disparate impact." Id.  In a "disparate treatment" claim – such as the present case, involving a disputed termination - proof of discriminatory intent is necessary for a plaintiff to succeed.  *See* Spivey v. Beverly Enters., Inc., 196 F.3d 1309, 1312 (11th Cir. 1999).

Where there is only circumstantial evidence with regard to discrimination claims, courts apply the framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  Under McDonnell Douglas, the plaintiff has the initial burden of establishing a prima facie case of race discrimination. Id. To establish a prima facie case of Title VII race discrimination, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was

5

replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class.   Maynard v. Board of Regents of the Divs. of Univs. of Fla. Dept. of Ed., 342 F.3d 1281, 1289 (11th Cir. 2003).  A prima facie case of racial discrimination requires that the plaintiff establish facts adequate to permit an inference of discrimination.  Sasser v. Ala. Dep't of Corr., 373 F. Supp. 2d 1276 (M. D. Ala. 2005) (citation omitted).

"Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, it must provide enough factual matter (taken as true) to suggest intentional … discrimination."  Pouyeh at 810, *quoting* Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008). Therefore, "[p]roof of discharge alone does not establish a Title VII claim."  Garvey v. Dickinson College, 775 F. Supp. 788, 796 (M.D. Pa. 1991).  Ultimately, "[t]o be actionable under Title VII, the … adverse employment action must be *because* of the employee's protected characteristic." Jacobs v. Biando, 592 Fed. Appx. 838, 841 (11th Cir. 2014). Thus, "[a] threadbare allegation that an employee believes she was discriminated against because of her [protected characteristic] is not enough to 'raise a right to relief above the speculative level.'"  Id., *quoting* Iqbal, 556 U.S. at 678.

In the present case, Lugo's Complaint fails to plausibly allege how she suffered any alleged adverse employment action in relation to her status within a protected class.  Indeed, to the best of undersigned's understanding, although Lugo

repeatedly asserts that she is a "protected class member," she fails to identify what that "class" is.  Therefore, the Complaint contains no sufficiently specific factual allegations; Lugo simply asserts that the BJCTA's decision to terminate her was related to her being in an unspecified protected class, with no other specific allegations demonstrating or even inferring discriminatory intent.  Likewise, although Lugo apparently claims that other BJCTA employees were treated more favorably than her, she fails to provide sufficient detail pertaining to these alleged comparators.

In Pouyeh, *supra*, the dismissal of a plaintiff's Title VII Complaint was affirmed for failure to state a plausible claim for relief.  The 11th Circuit noted that even though a Title VII complaint does not have to allege facts sufficient to fully satisfy the classic McDonnel Douglas prima facie requirement, the complaint must still provide enough factual matter, when taken as true, to suggest intentional discrimination: "The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully … Courts are not bound to accept as true a legal conclusion couched as a factual allegation."   613 Fed. Appx. at 808 (citation omitted).  Thus, a complaint containing merely a "threadbare recitation" of the necessary elements of a Title VII claim cannot survive a motion to dismiss.  Id. at 811.  *See also* Jacobs, 592 Fed. Appx. 838 (Title VII claim not viable where

plaintiff's complaint does not sufficiently allege specific facts to suggest discriminatory animus and does not sufficiently identify comparator employees).

Lugo's Complaint does not adequately identify any comparator employees who, while outside her protected class, were similarly situated as her yet treated more favorably.  A plaintiff claiming Title VII employment discrimination must identify comparator employees who are nearly "identical in all respects" to the plaintiff:

> As part of the Title VII plaintiff's prima facie case, the plaintiff must show that his employer treated similarly situated employees outside his classification more favorably than herself. Coutu v. Martin Cty. Bd. of Cty. Commissioners, 47 F.3d 1068, 1073 (11th Cir.1995). To make a comparison of the plaintiff's treatment to that of non-minority employees, the plaintiff must show that he and the employees are *similarly situated in all relevant respects*. Smith v. Stratus Computer, Inc., 40 F.3d 11, 19 (1st Cir.1994); Mitchell v. Toledo Hospital, 964 F.2d 577, 583 (6th Cir.1992); Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 (8th Cir.1985), cert. denied, 475 U.S. 1050, 106 S. Ct. 1273, 89 L. Ed. 2d 581 (1986).

Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (emphasis added). Therefore, "[i]f a plaintiff does not satisfy the burden of showing that non-minority, similarly situated employees were treated more favorably, the plaintiff's case cannot succeed."  Patterson v. Wal-Mart Stores, Inc., 1999 U.S. Dist. LEXIS 20883, *25 (M.D. Fla.  1999), *citing* Holifield at 1562.

In the present cause of action, Lugo does not provide the names of her comparators, their employment/disciplinary histories, whether they share the same duties as Lugo, whether they shared the same supervisor as Lugo, their experience or qualification levels, or any other circumstantial  details related to their treatment

as BJCTA employees.  The Complaint's vague assertions do not permit even an inference that said employees were similar to Lugo in any meaningful way.  To satisfactorily plead a Title VII claim, a complaint must contain more specificity with respect to comparators.  *See* Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 976 (11th Cir. 2008) (The plaintiffs' comparator language - stating that they were "denied promotions . . . and treated differently than similarly situated … employees solely because of [their protected characteristic] - epitomizes speculation and therefore does not amount to a short and plain statement of their claim under Rule 8(a).")

The Complaint's blanket assertions of discrimination, without any factual support for such a conclusion, are patently insufficient pursuant to the requirements of Iqbal and Twombly, *supra*.  Lugo's Title VII discrimination claim is therefore due to be dismissed with prejudice.

## C.    The Complaint fails to state a cognizable claim for Title VII retaliation.

Title VII prohibits employers from discriminating against an employee "because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C.A. § 2000e-3(a).  The Eleventh Circuit Court of Appeals applies "legal standards developed in Title VII and ADEA cases interchangeably." Pennington v.

9

City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001).  Therefore, "[i]n retaliation cases under Title VII, and thus under the ADEA and the AADEA, a prima-facie case requires a showing of (1) participation in actions protected by the statute; (2) an adverse employment action; and (3) a causal link between the protected actions and the adverse employment decision." Bonham v. Regions Mortg., Inc., 129 F. Supp. 2d 1315, 1326 (M.D. Ala. 2001), *citing* Hamm v. Members of the Bd. of Regents, 708 F.2d 647, 654 (11th Cir. 1983).  *See also* Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002); Pipkins v. City of Temple Terrace, 267 F.3d 1197, 1201 (11th Cir. 2001).

In her Complaint, Lugo asserts a retaliation claim against the BJCTA, apparently pursuant to the "anti-retaliation provisions" of Title VII.  However, Lugo's Complaint does not allege facts sufficient to support an inference of wrongful conduct on the part of the BJCTA.  Lugo provides no sufficiently alleged details regarding *how* she engaged in protected activity or communications, *when* she did so, or *to whom* she made such communications.  Moreover, Lugo fails to credibly allege that any adverse employment actions she suffered were in fact causally linked to her alleged protected activity.

Lugo's retaliation claim fails because it is another "formulaic recitation of the elements of a cause of action" prohibited by Twombly and Iqbal, *supra*: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

short of the line between possibility and plausibility of entitled to relief." Iqbal, 556

U.S. at 678.  Lugo fails to assert specific *facts* relating to how the BJCTA retaliated

against her under Title VII, and therefore her retaliation claim is due to be dismissed,

with prejudice.

      **WHEREFORE, PREMISES CONSIDERED,** defendant, the Birmingham-

Jefferson County Transit Authority, respectfully requests this Honorable Court to

dismiss the plaintiff's Complaint, with prejudice, because the Complaint fails to state

a claim upon which relief may be granted.

      Respectfully submitted,

      *s/Michael A. Casey, Jr.*
      Michael A. Casey, Jr.
      **DONAHUE & ASSOCIATES, LLC**
      1020 22nd Street, South
      Birmingham, Alabama 35205
      Tel: 205-871-8858
      Email: mcasey@donahue-associates.com

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 29th day of June, 2022, I electronically filed the foregoing with the Clerk of the Court using the courts CM/ECF system which will send notification of such filing to the following:

Diana Yazmin Lugo, pro se
104 Olympia Drive
Birmingham, AL 35209
Tel: 205-842-9759
dianayazmin888@icloud.com, dianagarcia12121@gmail.com

      *s/Michael A. Casey, Jr.*
      OF COUNSEL