FILED
2024 Feb-06 PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DIANA YAZMIN LUGO,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:22-cv-00362-ACA** |
| | ] | |
| **BIRMINGHAM-JEFFERSON COUNTY TRANSIT AUTHORITY,** | ] | |
| | ] | |
| | ] | |
| **Defendant.** | ] | |

**MEMORANDUM OPINION AND ORDER**

Two days before discovery closed, Plaintiff Diana Lugo, proceeding *pro se*, filed a motion to compel the depositions of two former employees of Defendant Birmingham-Jefferson County Transit Authority. (Doc. 69; *see* doc. 51). After considering the briefing, hearing testimony, and having the benefit of oral argument, the court denied the motion from the bench. (Doc. 102 at 30–31). Ms. Lugo later filed a motion which this court construes as a motion for reconsideration. (Doc. 86); *see also* Fed. R. Civ. P. 8(e). In response to the motion for reconsideration, the Transit Authority has sought sanctions for Ms. Lugo's conduct during discovery. (Doc. 87).

For the reasons set forth below, the court **DENIES** Ms. Lugo's motion for reconsideration. (Doc. 86). To the extent her motion seeks reconsideration of a

sanctions order, the court **DENIES** the motion **AS MOOT** because the court did not impose sanctions on Ms. Lugo. (*Id.* at 5). Finally, the court **DENIES** Transit Authority's motion for sanctions against Ms. Lugo. (Doc. 87 ¶¶ 9–10).

## I. BACKGROUND

Ms. Lugo filed this employment discrimination case against the Transit Authority as a *pro se* litigant in March 2022. (Doc. 1). She later retained counsel (docs. 14, 17, 18, 41) and filed an amended complaint (doc. 21). A month before discovery was set to close, the parties moved to extend the discovery deadline. (Doc. 36 at 2; doc. 50). The court extended the discovery deadline for ninety days. (Doc. 51).

With a month left for discovery under the extended deadlines, all four of Ms. Lugo's attorneys moved to withdraw. (Docs. 52, 58). The court granted the motion to withdraw and denied Ms. Lugo's motion for appointment of counsel. (Doc. 59; *see also* doc. 57). At the hearing on both motions, the court carefully explained to Ms. Lugo that she must follow all Federal Rules of Civil Procedure and meet all court deadlines. The court specifically noted that if Ms. Lugo wished to take depositions, she had to give notice of those depositions in conformity with the Federal Rules of Civil Procedure. Finally, the court reminded Ms. Lugo that discovery ended in a month and she would have to take the depositions within that time.

Two days before the fact discovery deadline, Ms. Lugo filed a motion to compel the depositions of two former Transit Authority employees: Justin Ridgeway and Bracie Smith. (Doc. 69). In her motion, Ms. Lugo represented that Mr. Ridgeway violated a subpoena for an August 21, 2023 deposition, and Ms. Smith "refused to cooperate or to be depose[d]." (Doc. 69 at 1). At the hearing on the motion, Ms. Lugo acknowledged that Transit Authority did not have the authority to require either Mr. Ridgeway or Ms. Smith to sit for a deposition. (Doc. 101 at 3). Nevertheless, because Ms. Lugo was unable to secure these depositions on her own, she wanted the court to order Transit Authority to secure the witnesses so she could depose them. (*Id.* at 3, 7).

## II. DISCUSSION

### 1. Ms. Lugo's Motion for Reconsideration

Ms. Lugo moves to "vacate or annul a judgment from the hearing of the motion to compel" under "Rule 59 (e) AL, Civil Procedure." (Doc. 86 at 1) (emphasis omitted). The court construes this as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010) (noting that motions to reconsider are treated as Rule 59 motions regardless of their label); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th

1220, 1250 (11th Cir. 2023) (quotation marks omitted; alterations accepted). A party cannot use a motion for reconsideration to relitigate old matters or present argument or evidence they could have raised before the entry of the order. *See id*.

The portions of Ms. Lugo's motion for reconsideration that focus on the depositions of Ms. Smith and Mr. Ridgeway repeat all the arguments she made in her prior filings. (*Compare* doc. 86, *with* doc. 69). Although her motion contains additional facts about the circumstances surrounding both depositions, none of those facts are material, newly discovered, or demonstrate that this court made a manifest error of law or fact in denying her motion to compel. (*See* doc. 86 at 4–6); *MacPhee*, 73 F.4th at 1250. Instead, the motion rehashes the events surrounding the depositions, recounts[1] the arguments at both hearings, and asks for reconsideration. (*See* doc. 86).

---

[1] Ms. Lugo mischaracterizes three exchanges from the two hearings on the motion to compel. *First*, in her motion for reconsideration, Ms. Lugo represents that the court told Mr. Donahue at the first hearing: "you just lied to [the court]." (Doc. 86 at 3). The court did not say that. (*See, e.g.*, doc. 101 at 11–14). Indeed, at the second day of the hearing, Ms. Lugo recounted the same conversation and said: "I remember [the court] said, You are a big liar, Mr. Donahue." (Doc. 102 at 21). The court told Ms. Lugo that was not true. (*Id.*). Ms. Lugo responded: "I apologize - - you lie or something." (*Id.*). The court again told Ms. Lugo that was not true. (*Id.*).

*Second*, Ms. Lugo represents in her motion for reconsideration that the court "called Pro Sec a Big Lier." (Doc. 86 at 5). The court did not say that. (Doc. 102 at 12). The court told Ms. Lugo that she is "a very bad liar" based on the many inconsistencies in her statements to the court. (*Id.*).

*Third*, Ms. Lugo suggests in her motion for reconsideration that the paralegal gave untruthful testimony at the hearing. (*See* doc. 86 at 4). Specifically, she represents that the paralegal denied telling Ms. Lugo that she did not have to file the subpoena in court or telling Ms. Lugo how

The court denied Ms. Lugo's motion to compel because she did not provide grounds for relief. (*See* doc. 102 at 30). Although it was clear Ms. Lugo sought to compel the depositions of Mr. Ridgeway and Ms. Smith, it was less clear *which party* Ms. Lugo sought this court to compel. (*See* doc. 69). The court construed Ms. Lugo's motion to compel as compelling the witnesses themselves to be deposed. (*See* doc. 101 at 3–4). Transit Authority, however, construed the motion as seeking to compel Transit Authority to provide the witnesses to be deposed. (*See* doc. 71). At the hearing, Ms. Lugo acknowledged Transit Authority did not have authority over the witnesses (doc. 101 at 3), but argued that Transit Authority's counsel's efforts to obstruct her attempts to depose these witnesses warranted the court's intervention (*see id.* at 24–26). Not only did the court find that Transit Authority did not obstruct her attempts to depose the witnesses (*see* doc. 102 at 25–26), but absent proper service of a subpoena, this court did not otherwise have the authority under the Federal Rules of Civil Procedure to order the witnesses to sit for a deposition, *see* Fed. R. Civ. P. 37, 45; *see also Holloman v. Mail-Well Corp.*, 443 F.3d 832, 843–44 (11th Cir. 2006). Thus, to the extent Ms. Lugo wanted the court to order

---

to depose a witness by certified mail. (*Id.* at 3–4). Although the parties dispute whether Ms. Lugo asked about filing a subpoena or deposition transcript (Ms. Lugo states she asked about a subpoena; the paralegal testified she asked about a deposition transcript) (*see* doc. 101 at 31; doc. 102 at 17), the paralegal confirmed that she told Ms. Lugo she did not have to file discovery with the court and told her how to serve a subpoena by certified mail (doc. 102 at 17).

Transit Authority to secure the witnesses' attendance, the court declined to do so. (*See* doc. 102 at 30–31). With respect to each witness the court found:

*a. Justin Ridgeway*

Ms. Lugo sent Mr. Ridgeway a subpoena and a notice of deposition by certified mail. (Doc. 73 ¶¶ 1–2; *see* doc. 76-1 at 8–9; doc. 86-3 at 1). Ms. Lugo did not serve Mr. Ridgeway in accordance with the Federal Rules of Civil Procedure and Mr. Ridgeway did not appear on the appointed date. Ms. Lugo argued she failed to serve Mr. Ridgeway properly because she relied on advice she received from Transit Authority's counsel's office.[2] (Doc. 102 at 9). That advice was to get a subpoena from the court's website and serve it by process server or certified mail. (*Id.*).

The advice was made in good faith but was incorrect under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45. But the value of the advice is beside the point: Ms. Lugo did not properly serve the subpoena. (*See* doc. 102 at 25–26). Thus, even if the court had the authority to compel Mr. Ridgeway's deposition, there was no evidence warranting the court's intervention. Accordingly, the court denied Ms. Lugo's motion to compel Mr. Ridgeway's deposition. (Doc. 102 at 30–31; *see* doc. 69).

[2] It is undisputed that defense counsel graciously assisted Ms. Lugo by, among other things, providing last known addresses, the legal distinction between current and former employees, and other procedural issues. (Doc. 101 at 8, 14, 17, 24; doc. 102 at 16–23).

*b. Bracie Smith*

Ms. Lugo also wished to depose Bracie Smith. (*See* doc. 69). Ms. Lugo called Ms. Smith to ask if she was available to be deposed and Ms. Smith told Ms. Lugo to call her back on August 7th to schedule a day for the deposition. (*See* doc. 73 ¶ 3). When Ms. Lugo called Ms. Smith on August 7th, Ms. Smith did not answer. (Doc. 102 at 20; *see* doc. 72 ¶ 3).

When Ms. Lugo did not hear from Ms. Smith, she called Donahue & Associates and told the paralegal that Ms. Smith was not answering her calls and emailed Mr. Donahue to tell him she could not get a hold of Ms. Smith. (Doc. 102 at 19–20; doc. 86-2 at 5–6). The paralegal told Ms. Lugo she could subpoena any witness who Transit Authority no longer employed; she also informed Ms. Lugo that she did not have a current address for Ms. Smith. (*See* doc. 102 at 19–20).

Ms. Smith later called Donahue & Associates to complain "that Ms. Lugo was calling her at work and harassing her and that she was going [to] block her and that she didn't want to sit for the deposition."[3] (Doc. 102 at 19). Mr. Donahue then responded to Ms. Lugo's email informing her that Ms. Smith did not want to give her deposition. (Doc. 86-2 at 5–6). Ms. Lugo never sent Ms. Smith a subpoena.

[3] At the hearing, Ms. Lugo represented to the court that she called Ms. Smith only once on August 7th. (Doc. 102 at 20). The phone records she submitted to the court, however, show she called Ms. Smith twice and sent her a text message on that day. (Doc. 86-5 at 6; doc. 86-6). Those phone records also show that on August 2nd—the day Ms. Smith told Ms. Lugo she would sit for a deposition—Ms. Lugo called her four times within thirty minutes. (Doc. 86-5 at 4).

In her motion to compel, Ms. Lugo asserts that Ms. Smith refused to be deposed after many attempts to schedule the deposition. (Doc. 69). At the hearing, Ms. Lugo agreed that it was her sole obligation to subpoena Ms. Smith because she was no longer an employee of Transit Authority. (Doc. 102 at 23–24). It is undisputed that Ms. Lugo did not attempt to subpoena Ms. Smith for a deposition and there is no basis to believe Ms. Smith's decision not to voluntarily submit to a deposition was the result of obstructive efforts by Transit Authority's counsel. (*See* doc. 101 at 6–7). Consequently, as stated at the hearing, there is no proper basis for Ms. Lugo's motion to compel. (*See* doc. 102 at 25).

Accordingly, the court **DENIES** Ms. Lugo's motion for reconsideration of the court's order denying her motion to compel. (Doc. 86).

Ms. Lugo's motion, liberally construed, also seeks reconsideration of a sanctions order Ms. Lugo believes this court imposed at the hearing. (*See* doc. 86 at 5). Ms. Lugo has appealed this "sanction judgment" to the Eleventh Circuit. (Doc. 95). But this court never sanctioned Ms. Lugo. (*See* doc. 102 at 34). Because Ms. Lugo had repeatedly interrupted the court during both hearing days (*see, e.g.*, doc. 102 at 33; doc. 101 at 27) and because the court had doubts about the credibility of Ms. Lugo's statements at both hearings (*see* doc. 102 at 33), the court warned Ms. Lugo at the end of the second hearing that Ms. Lugo was "perilously close" to being sanctioned (doc. 102 at 34). The court adjourned the hearing immediately after

that warning and imposed no sanctions. (*Id.*). Therefore, the court **DENIES AS MOOT** Ms. Lugo's motion for reconsideration of the sanctions order. (Doc. 86).

2. Transit Authority's Motion for Sanctions

In its response to Ms. Lugo's motion for reconsideration, the Transit Authority seeks an order sanctioning Ms. Lugo for her conduct in discovery. (Doc. 87 ¶¶ 9–10). Specifically, Transit Authority seeks an order striking her motion for reconsideration and for reasonable attorney and paralegal fees for the time spent (1) opposing the motion to compel, (2) preparing for and attending Mr. Ridgeway's deposition, (3) preparing for and attending both hearings on the motion to compel, and (4) responding to Ms. Lugo's motion for reconsideration. (*Id.* ¶ 10).

As is relevant here, a sanction under Federal Rule of Civil Procedure 11 is appropriate when a party files a pleading that has no factual basis or files a pleading in bad faith for an improper purpose. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001). But the party seeking sanctions must file a motion for sanctions "separately from any other motion." Fed. R. Civ. P. 11(c)(2). Even if Transit Authority had filed its motion for sanctions separately, the court would deny the motion. Although the court found Ms. Lugo's failure to attend Mr. Ridgeway's deposition (*see* doc. 101 at 21–24), and her conduct during both hearings, to be inappropriate (*see, e.g.*, doc. 102 at 12, 33 doc. 101 at 27), the court does not believe it rises to the level of sanctionable conduct, *see Massengale*, 267 F.3d at 1301.

Accordingly, the court **DENIES** Transit Authority's motion for sanctions. (Doc. 87).

## III. CONCLUSION

For the reasons articulated from the bench and as further explained by this memorandum opinion and order, Ms. Lugo's motion to compel is **DENIED**. (Doc. 69). Her motion for reconsideration is **DENIED**. (Doc. 86). The Transit Authority's motion for sanctions is **DENIED**. (Doc. 87).

**DONE** and **ORDERED** this February 6, 2024.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE